# EXHIBIT

# F



CUMMINGS·McCLOREY

DAVIS & ACHO, P.L.C.

ATTORNEYS AND COUNSELORS AT LAW
125 PARK STREET, SUITE 415, TRAVERSE CITY, MICHIGAN 49684 (231) 922-1888 ▪ FACSIMILE: (231) 922-9888

Christopher K. Cooke
ccooke@cmda-law.com

August 15, 2011

Joseph Hubbell
LEELANAU COUNTY PROSECUTOR'S OFFICE
8527 E. Government Center Dr., Suite 202
Suttons Bay, MI 49682

    RE:   KIESSEL, et al v LEELANAU COUNTY, et al
           File No.: 1:09-cv-179

Dear Mr. Hubbell,

    If you are not already aware, we have filed a *motion in limine* to exclude your testimony in the upcoming trial of the above-referenced lawsuit, with the narrow exception of your involvement in the arrests of Gary Aschim and Evan Aschim by Plaintiffs James Kiessel and Duane Wright. Our *motion in limine* has been necessitated by your statements and actions related to the ongoing litigation that have been contrary to, and in conflict with, the interests of your client, Leelanau County Sheriff Michael Oltersdorf, Undersheriff Scott Wooters, and Leelanau County.

Rule 1.8(b) of the Michigan Rules of Professional Conduct (MRPC) states:

> A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client consents after consultation, except as permitted or required by Rule 1.6 or Rule 3.3.

MRPC 1.9(c) states:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or


EXHIBIT F

> (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

Under Michigan law, the attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents. The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice. The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.

The information relevant and related to the allegations made in Plaintiffs' lawsuit was received by both of you in your capacity as prosecuting attorney and chief assistant prosecuting attorney for Leelanau County. In this capacity, you represented Leelanau County and its various departments, including the Sheriff's Office. There was a relationship of trust and an expectation of confidentiality based upon your collective representation of the Sheriff's Office which, prompted discussions between you and Sheriff Oltersdorf and Undersheriff Wooters. Both the Sheriff and the Undersheriff sought your collective counsel based upon their legitimate expectation that you represented theirs as well as Leelanau County's interests. However, your statements in various forums, including but certainly not limited to, deposition testimony, represents a serious breach of your professional obligation and ethical responsibility to your clients, Leelanau County, its employees, and officials.

Your representation of Leelanau County, specifically the Sheriff's Office in criminal and civil matters, allowed you to develop a relationship with employees of the Sheriff's Office. It is regrettable that you used your positions of advantage and trust to obtain and use information selectively for the purpose of undermining the interests of Sheriff Oltersdorf, Undersheriff Wooters, and Leelanau County.

We strongly urge you to reconsider your statements and actions related to this litigation, and remind you of your professional and ethical obligations in this regard to your clients. We hope that you will refrain from openly or surreptitiously providing or using information received by you in your capacity as representatives of Leelanau County, in a manner that would be to the disadvantage of your clients, Sheriff Oltersdorf, Undersheriff Wooters, and Leelanau County.

Further, should you be called upon to testify in this case, I trust you will review your ethical responsibilities and act accordingly. My clients have not and will not waive any attorney-client privilege they have shared with you over the years.

Yours very truly,



Christopher K. Cooke
CKC/hlu
T:\leelanau\Kiessel v Leelanau County Sheriff's Dept\Correspondence\Hubbell and donaldson ltr tr kiessel conflict_081511.BK!



CUMMINGS·MCCLOREY

DAVIS & ACHO, P.L.C.

ATTORNEYS AND COUNSELORS AT LAW
125 PARK STREET, SUITE 415, TRAVERSE CITY, MICHIGAN 49684  (231) 922-1888  ▪  FACSIMILE: (231) 922-9888

Christopher K. Cooke
ccooke@cmda-law.com

August 15, 2011

Douglas Donaldson
LEELANAU COUNTY PROSECUTOR'S OFFICE
8527 E. Government Center Dr., Suite 202
Suttons Bay, MI 49682

      RE:    KIESSEL, et al v LEELANAU COUNTY, et al
             File No.: 1:09-cv-179

Dear Mr. Donaldons,

      If you are not already aware, we have filed a *motion in limine* to exclude your testimony in the upcoming trial of the above-referenced lawsuit, with the narrow exception of your involvement in the arrests of Gary Aschim and Evan Aschim by Plaintiffs James Kiessel and Duane Wright. Our *motion in limine* has been necessitated by your statements and actions related to the ongoing litigation that have been contrary to, and in conflict with, the interests of your client, Leelanau County Sheriff Michael Oltersdorf, Undersheriff Scott Wooters, and Leelanau County.

Rule 1.8(b) of the Michigan Rules of Professional Conduct (MRPC) states:

> A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client consents after consultation, except as permitted or required by Rule 1.6 or Rule 3.3.

MRPC 1.9(c) states:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> > (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or

GRAND RAPIDS, MI ▪ LIVONIA, MI ▪ STERLING HEIGHTS, MI ▪ TRAVERSE CITY, MI
KANSAS CITY, MO ▪ RIVERSIDE, CA ▪ ACCRA, GHANA

Mr. Douglas Donaldson
August 15, 2011
Page 2

> (2) reveal information relating to the representation
> except as Rule 1.6 or Rule 3.3 would permit or require
> with respect to a client.

Under Michigan law, the attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents. The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice. The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.

The information relevant and related to the allegations made in Plaintiffs' lawsuit was received by both of you in your capacity as prosecuting attorney and chief assistant prosecuting attorney for Leelanau County. In this capacity, you represented Leelanau County and its various departments, including the Sheriff's Office. There was a relationship of trust and an expectation of confidentiality based upon your collective representation of the Sheriff's Office which, prompted discussions between you and Sheriff Oltersdorf and Undersheriff Wooters. Both the Sheriff and the Undersheriff sought your collective counsel based upon their legitimate expectation that you represented theirs as well as Leelanau County's interests. However, your statements in various forums, including but certainly not limited to, deposition testimony, represents a serious breach of your professional obligation and ethical responsibility to your clients, Leelanau County, its employees, and officials.

Your representation of Leelanau County, specifically the Sheriff's Office in criminal and civil matters, allowed you to develop a relationship with employees of the Sheriff's Office. It is regrettable that you used your positions of advantage and trust to obtain and use information selectively for the purpose of undermining the interests of Sheriff Oltersdorf, Undersheriff Wooters, and Leelanau County.

We strongly urge you to reconsider your statements and actions related to this litigation, and remind you of your professional and ethical obligations in this regard to your clients. We hope that you will refrain from openly or surreptitiously providing or using information received by you in your capacity as representatives of Leelanau County, in a manner that would be to the disadvantage of your clients, Sheriff Oltersdorf, Undersheriff Wooters, and Leelanau County.

Further, should you be called upon to testify in this case, I trust you will review your ethical responsibilities and act accordingly. My clients have not and will not waive any attorney-client privilege they have shared with you over the years.

Yours very truly,

Christopher K. Cooke
CKC/hlu
T:\leelanau\Kiessel v Leelanau County Sheriff's Dept\Correspondence\Donaldson ltr tr kiessel conflict_081511.wpd